UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE THURMAN,    ) | |
|                       ) | |
|    Plaintiff,    ) | |
|                       ) | |
|    vs.          ) | Case No. 23-cv-4231 |
|                       ) | |
| HENDERSON COUNTY SHERIFF'S  ) | |
| OFFICE,                ) | |
|                       ) | |
|    Defendant.    ) | |

### MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files a Second Amended Complaint under 42 U.S.C. § 1983 alleging that her constitutional rights were violated when she was transported to a court hearing on January 11, 2023, and forced to wear restraints. (Doc. 10). The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's Second Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

1

## ALLEGATIONS

Plaintiff names the Henderson County Sheriff's Office as the sole Defendant. On January 11, 2023, Plaintiff, who was housed at the McDonough County Jail ("Jail"), was placed in multiple mechanical restraints to be transported to the Henderson County Courthouse for a hearing. Specifically, she was placed in leg shackles and her wrists were in tight handcuffs restrained at her waist.

Plaintiff, who was pregnant, claims that the restraints were excessive and painful. She informed the unidentified Henderson County Deputy who transported her that she was pregnant and terrified she would trip and fall, which could harm her and/or her unborn child. The deputy refused to remove the restraints and stated, "it was their policy to use mechanical restraints on anyone in custody pregnant or not." (Doc. 10 at p. 5).

At the courthouse, Plaintiff alleges she was forced to walk up the stairs while wearing the restraints. Plaintiff alleges the shackles rubbed her skin raw on the back and outside of her ankles. When the deputy stopped on the stairway to remove the leg shackles, Plaintiff alleges her "ankles felt like they were on fire." *Id.* at p. 6.

After the hearing, the deputy placed the shackles back on her ankles. Plaintiff alleges the pressure on her raw skin was even more painful than before. She was escorted back to the transport vehicle and returned to the Jail where the restraints were removed.

Plaintiff alleges the shackles on her ankles and wrists left indentations that ended up bruising. Plaintiff claims it took over a week for the bruises and raw spots on her wrists and ankles to heal. She also claims her wrist hurt when she bent it for about a month.

## ANALYSIS

Since Plaintiff is a pretrial detainee rather than a convicted prisoner, her § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). To state an excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against [her] was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). "[O]bjective reasonableness turns on the facts and circumstances of each particular case." *Id.* at 397; *see also Mays*, 974 F.3d at 819.

Here, the Court finds that Plaintiff has stated enough at the pleadings stage to allege an excessive force claim against the unidentified Henderson County deputy who forced her to wear excessively tight handcuffs and ankle restraints while being escorted to a hearing at the Henderson County Courthouse on January 11, 2023. Where a complaint states specific allegations describing conduct of individual defendants sufficient to raise a constitutional claim, but the names of those defendants are not known, the plaintiff should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). "Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty during the incident in question; or by some other means." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996).

In this case, Plaintiff will be given an opportunity to propound written discovery requests aimed solely at identifying the unknown Henderson County deputy. Under the circumstances, the Court finds that Henderson County Sheriff Matthew J. Link is best suited to respond to this discovery, and he shall be added as a Defendant in this action (official capacity only) for the sole purpose of identifying the unknown deputy. After that is done, Sheriff Link may move to be dismissed. Ultimately, it is Plaintiff's responsibility to provide the Court with the name and service address for the unknown deputy.

Plaintiff named the Henderson County Sheriff's Office as a Defendant, but her allegations are insufficient to state a claim. Under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978), a municipality "may be liable under § 1983 for constitutional violations caused by: (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority." *Kristofek v. Vill. of Orland Hills*, 832 F.3d 785, 799 (7th Cir. 2016). "To state a *Monell* claim, the plaintiff must plead factual content that would allow the Court to draw a reasonable inference that: (1) he has suffered the deprivation of a constitutional right; and (2) that an official custom or policy of the City caused that deprivation." *Hoskin v. City of Milwaukee*, 994 F. Supp. 2d 972, 978 (E.D. Wis. 2014) (quoting *Monell*, 436 U.S. at 694-95; *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). Plaintiff has not alleged a plausible inference that the alleged deprivation of her constitutional rights was caused by an official policy or custom promulgated by Defendant Henderson County Sheriff's Office. Plaintiff claims that the unidentified Henderson County deputy told her it was their policy to use restraints even if a detainee was pregnant, but Plaintiff does not allege that her or her unborn child were injured while traversing the stairs at the courthouse due to the restraints. Therefore, it is unclear what injury Plaintiff suffered. *See*

4

*Pratt v. Marion Cnty. Sheriff*, No. 1:17-CV-2948-JMS-TAB, 2018 WL 1316565, at *2 (S.D. Ind. Mar. 14, 2018) (finding that plaintiff failed to state a § 1983 claim against Sheriff's Office). Defendant Henderson County Sheriff's Office is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Second Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a Fourteenth Amendment excessive force claim against the unknown John Doe Henderson County Deputy who allegedly forced her to wear excessively tight handcuffs and ankle restraints while being escorted to a hearing at the Henderson County Courthouse on January 11, 2023. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) The Henderson County Sheriff's Office is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is DIRECTED to terminate the Henderson County Sheriff's Office.

3) The Clerk is DIRECTED to add Henderson County Deputy John Doe and Henderson County Sheriff Matthew J. Link as Defendants. *See* Fed. R. Civ. P. 17(d); Fed. R. Civ. P. 21. The Sheriff will remain a Defendant, in his official capacity only, for the sole purpose of assisting Plaintiff in the identification of the John Doe Defendant. After that is done, the Sheriff may move to be dismissed. Plaintiff is placed on notice that it will be her responsibility, through initial disclosures and discovery, to identify the John Doe Defendant. The failure to do so will result in his dismissal.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant Link before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendant by mailing a waiver of service. Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed answers or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) If Defendant no longer work at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to

Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition. Plaintiff shall be provided a copy of all pertinent medical records upon request.

9) Plaintiff shall immediately inform the Court, in writing, of any change in her mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

      12)    The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:   8/1/2024

                                                                                 s/ James E. Shadid  
                                                                                 James E. Shadid  
                                                                                 United States District Judge